IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MONIQUE KENDALL,

        Petitioner,

v.

SARAH DAVIS, *et al.*,

        Respondents.

HON. JOHN MICHAEL VAZQUEZ

Civil Action
No. 17-12909 (JMV)

**OPINION**

**VAZQUEZ, District Judge:**

**I.    INTRODUCTION**

*Pro se* Petitioner Monique Kendall initiated this § 2254 habeas action on November 17, 2017.[1] (ECF No. 1.) Petitioner filed her operative habeas pleading on or about March 9, 2018 (the "§ 2254 Petition"). (ECF No. 3-1.) Respondents now move for dismissal of the § 2254 Petition as untimely-filed. (ECF No. 9.) For the reasons stated herein, Respondents' motion will be granted, the § 2254 Petition shall be dismissed with prejudice, and no certificate of appealability shall issue. Petitioner's motion for *pro bono* counsel (at ECF No. 10) will be denied as moot.

**II.    BACKGROUND**

Petitioner is currently incarcerated at Edna Mahan Correctional Facility in Clinton, New Jersey, where she is serving a 25-year sentence after being convicted in New Jersey Superior Court of first degree aggravated manslaughter; unlawful possession of a weapon; and possession of a

---

[1] November 17, 2017 is the date on which Petitioner executed her original habeas pleading. (*See* ECF No. 1 at PageID: 7.) Under the federal prisoner mailbox rule, "a document is deemed filed on the date it is given to prison officials for mailing." *Pabon v. Mahanoy*, 654 F.3d 385, 391 n. 8 (3d Cir. 2011). The Court, affording Petitioner all favorable inferences, finds that November 17, 2017 represents the date on which she initiated this action.

weapon for an unlawful purpose. (*See* Nov. 30, 2005 Am. J. of Conviction, ECF No. 9-7.) Petitioner was convicted of the two weapons charges by a jury; she pled guilty to the manslaughter charge on April 30, 2004, after ten members of that same jury voted to find her guilty of murder and two other jurors instead voted to convict her of the lesser crime of manslaughter. *State v. Kendall*, No. A-0027-14T2, 2017 WL 1282728, at *1 (N.J. Super. Ct. App. Div. Apr. 6, 2017). Petitioner's judgment of conviction was filed on November 30, 2005. (ECF No. 9-7.)

Between 2004 and 2012, Petitioner "actively pursued [multiple] appeals of her sentence and [also pursued an appeal of] the [trial court's July 2, 2008] denial of [Petitioner's later-filed] petition to withdraw her guilty plea." *Kendall*, 2017 WL 1282728, at *1. The "[New Jersey] Supreme Court [ultimately] denied certification on the final iteration of [Petitioner's] direct appeal on April 9, 2012." (Resp'ts' June 27, 2018 Br. in Supp. of Mot. to Dismiss, ECF No. 9-1 at PageID: 88; *accord* Pet'r's Aug. 6, 2018 Br. in Opp. to Mot. to Dismiss, ECF No. 11 at PageID: 153; *see also* Apr. 9, 2012 Order of N.J. Sup. Ct. Den. Cert., ECF No. 9-12.)

Petitioner thereafter initiated post-conviction relief ("PCR") proceedings in New Jersey Superior Court, Law Division (the "PCR court") via the filing of her first PCR petition on May 1, 2012. *See*, *e.g.*, *State v. Kendall*, No. 03-01-0036, slip op. at 6 (N.J. Super. Ct. Law Div. Feb. 4, 2014) (available at ECF No. 9-14). On February 4, 2014, the PCR court denied post-conviction relief to Petitioner because Petitioner's original PCR petition was not filed "within five years after rendition of the [November 30, 2005 judgment of conviction] sought to be attacked." [2] *Id.* at 5 (quoting N.J. Ct. R. 3:22-12(a)). The Appellate Division of the New Jersey Superior Court

---

[2] The PCR court additionally found that Petitioner's PCR claims were substantively without merit. *See Kendall*, No. 03-01-0036, slip op. at 17 ("Absent the time bar, petitioner would not prevail on her [PCR] petition . . . ."). The reasons supporting that conclusion are detailed in the PCR court's written opinion. *See*, *generally*, *id.*

affirmed "essentially for the reasons stated in [the PCR court's] thorough and thoughtful decision." *State v. Kendall*, No. A-0027-14T2, 2017 WL 1282728, at *1 (N.J. Super. Ct. App. Div. Apr. 6, 2017). On September 25, 2017, the New Jersey Supreme Court denied Petitioner's petition for certification of her PCR appeal. (ECF No. 9-16.)

On November 17, 2017, Petitioner initiated the present action. (*See* ECF No. 1.) Petitioner filed her relevant § 2254 Petition on or about March 9, 2018. (ECF No. 3-1.) On June 27, 2018, Respondents filed the present motion to dismiss the § 2254 Petition on timeliness grounds. (ECF No. 9.) Petitioner filed opposition to Respondents' motion on August 6, 2018. (ECF No. 11.)

### III.   LEGAL STANDARD AND ANALYSIS

#### A.  The § 2254 Petition Is Untimely Under AEDPA

"The Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), Pub. L. No. 104-132, 110 Stat. 1218, generally mandates that petitions for writ of habeas corpus be filed within one year after the conclusion of direct appellate review[.]" *Engel v. Hendricks*, 153 F. App'x 111, 112 (3d Cir. 2005); *accord Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *see also* 28 U.S.C. § 2244(d)(1)(A) ("A [one-year] period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a [State court]. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

The record in this matter conclusively demonstrates that (1) the New Jersey Supreme Court denied certification of the final iteration of Petitioner's direct appeal on April 9, 2012 (*see* ECF No. 9-12); and that (2) Petitioner did not thereafter file a petition for certiorari in the United States Supreme Court. Petitioner's conviction therefore became final ninety days later on July 8, 2012,

3

when Petitioner's time to file the certiorari petition expired.[3] *See Ross*, 712 F.3d at 798 (3d Cir. 2013); *see also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013).

As such, in the absence of equitable or statutory tolling, Petitioner was required under AEDPA to file her § 2254 Petition by July 8, 2013. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner, however, filed her original habeas petition on November 17, 2017, more than four years "after the conclusion of direct appellate review[.]" *Engel*, 153 F. App'x at 112. Petitioner's § 2254 Petition is therefore *per se* untimely under AEDPA.

### B. The § 2254 Petition is Not Entitled to Statutory Tolling Under AEDPA

AEDPA's one-year "filing period is tolled . . . 'during [the time in] which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" *Engel*, 153 F. App'x at 112 (quoting 28 U.S.C. § 2244(d)(2)) (emphasis in original). Under AEDPA, "[a] 'properly filed' application is one that was accepted for filing by the appropriate court officer *and* was filed within the time limits prescribed by the relevant jurisdiction." *Engel*, 153 F. App'x at 112 (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)) (emphasis in original).

The record before this Court makes clear that "[Petitioner's] application for post-conviction relief was not 'properly filed' under this standard." *Engel*, 153 F. App'x at 112. As noted by the Third Circuit, "Rule 3:22-12(a) of the New Jersey Rules of Court require [PCR] applications to be filed within five years of the judgment at issue 'unless . . . the delay beyond said time was due to defendant's excusable neglect.'" *Engel*, 153 F. App'x at 112 (quoting N.J. Ct. R. 3:22-12(a)). In this case, "Petitioner's [state court] judgment of conviction was [filed] on November [30], 2005,

---

[3] Petitioner, for her part, agrees that her "conviction became 'final' for habeas corpus purposes on the date of July 8, 2012." (*See* Pet'r's Aug. 6, 2018 Br., ECF No. 11 at PageID: 153 (citations omitted).)

and [her PCR petition] was initially filed on May 1, 2012, more than five years from the date the judgment of conviction was entered." *Kendall*, No. 03-01-0036, slip op. at 6.

In denying Petitioner's PCR petition as untimely, the PCR court observed that "the five-year period [under New Jersey Court Rule 3:22-12(a)] commences when the judgment of conviction is entered and is neither stayed nor tolled by appellate or other review proceedings." *Id.* (citations omitted); *accord Engel*, 153 F. App'x at 112 n.2. ("the limitations period under Rule 3:22-12(a) commences upon the entry of the judgment at issue, not the conclusion of direct appellate review."). The PCR court further found that Petitioner "failed to establish excusable neglect [to warrant relaxation of Rule 3:22-12(a)'s time bar]." *Kendall*, slip op. at 6. In so finding, the PCR court rejected Petitioner's claim that the untimeliness of her PCR filing should have been excused because "she did not have the trial transcripts at her disposal." *Id.* As explained by the PCR court, "Petitioner had five years to obtain said transcripts for review and failed to obtain them. Additionally, Petitioner could have filed a PCR petition, subsequently obtained the trial transcripts and supplemented her petition documents with additional claims." *Id.* at 7.

The Appellate Division affirmed "essentially for the reasons stated in [the PCR court's] thorough and thoughtful decision." *Kendall*, 2017 WL 1282728, at *1 (N.J. Super. Ct. App. Div. Apr. 6, 2017). The Appellate Division also made clear

> that the five-year time bar applies to this case. [Petitioner's] ongoing appeals of her sentence and efforts at withdrawing her guilty plea do not toll the time bar. *See State v. Dillard*, 208 N.J. Super. 722, 727 (App. Div.), *certif. denied*, 105 N.J. 527 (1986). [Her PCR] petition was filed seven years after [Petitioner's] second sentencing on November 10, 2005. [Petitioner] obviously had the option of filing her [PCR] petition and preserving her claim at any point during the intervening years, even if consideration was delayed because transcripts could not be located. The exceptional circumstances which warrant relaxation of the time bar are simply not present here.

*Id.* at \*3.

The state courts' findings that Petitioner failed to demonstrate "excusable neglect" under Rule 3:22-12(a) and that enforcement of the Rule's five-year filling period was appropriate in Petitioner's case is "reasonable and well supported by New Jersey law." *Engle*, 153 F. App'x at 112 (citing *State v. Goodwin*, 803 A.2d 102, 108-10 (N.J. 2002); *State v. McQuaid*, 688 A.2d 584, 595 (N.J. 1997); *see also Pace*, 544 U.S. at 417 (indicating that the existence of exceptions to state's PCR filing deadlines cannot render an otherwise late PCR application "properly filed" if the state court holds that those exceptions do not apply); *Carey v. Saffold*, 536 U.S. 214, 226 (2002) (stating that if petitioner's late PCR application did not fall within an exception to the state's timely filing requirements, "that would be the end of the matter, regardless of whether [the state court] also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits").

For these reasons, Petitioner's PCR petition was not "properly filed" and the filing of that document therefore did not operate to toll the limitations period under AEDPA. *See Pace*, 544 U.S. at 417 ("Because the state court rejected petitioner's [PCR] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *accord Engel*, 153 F. App'x at 113.

### C. The § 2254 Petition is Not Entitled to Equitable Tolling

In "exceptional circumstances," principles of equitable tolling may warrant consideration of an otherwise untimely petition. *Engle*, 153 F. App'x at 113. "These situations arise when the petitioner has 'in some extraordinary way' been prevented from asserting [her] rights despite the exercise of reasonable diligence." *Id.* (quoting *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003); *see also Pace*, 544 U.S. at 418-19.

Here, Petitioner asserts that her failure to file a timely § 2254 petition under AEDPA should be excused because "New Jersey criminal defendants are prohibited [under the New Jersey Court Rules] from filing for post-conviction relief during the time when [their] direct appeal[s are] pending[.]" (Pet'r's Aug. 6, 2018 Br., ECF No. 11 at PageID: 159 (citing N.J. Ct. Rs. 3:22-6A(2), -12).) Petitioner's argument that she was "barred by the [New Jersey] rules of court from filing her PCR petition any sooner" (*id.* at PageID: 161), is controverted by the plain language of the New Jersey Court Rules 3:22-6A(2) and 3:22-12, *i.e.*, the exact Rules which Petitioner herself cites in support of that argument.

As noted above, New Jersey Court Rule 3:22-12 makes clear that PCR applications must, as a general matter, be filed within five years of the judgment at issue. *Engel*, 153 F. App'x at 112; *accord* N.J. Ct. R. 3:22-12(a)(1) ("[except in certain enumerated situations, none which are applicable to Petitioner], no petition shall be filed pursuant to this rule more than 5 years after the date of entry . . . of the judgment of conviction that is being challenged"); *see also* Pressler & Verniero, *Current N.J. Court Rules*, cmt. 2 on *R.* 3:22-12 (2018) ("The five-year period prescribed by paragraph (a)(1) commences when the judgment of conviction is entered and is neither stayed nor tolled by appellate or other review proceedings."). There is no language within Rule 3:22-12 – or within Rule 3:22-6A – which even arguably suggests that a PCR applicant, like Petitioner, is barred from filing a PCR petition while her direct appeal remains pending. *See*, *generally*, N.J. Ct. Rs. 3:22-6A(2), -12. Instead, both Rules contain express provisions which speak to PCR petitions filed during the pendency of a PCR applicant's direct appeal. Under Rule 3:22-6A(2):

> If a direct appeal, including a petition for certification, is pending . . . the petition shall be dismissed *without prejudice*. If the defendant refiles the petition within 90 days of the date of the judgment on direct appeal, including consideration of a petition for certification, or within five years after the date of the entry . . . of the judgment of

> conviction being challenged, it shall be considered a first petition for post-conviction relief.

N.J. Ct. R. 3:22-6A(2) (emphasis added).

Similarly, Rule 3:22-12(a)(3), which speaks to "Dismissal Without Prejudice When Direct Appeal Is Pending," provides that:

> A [PCR] petition dismissed *without prejudice* pursuant to R. 3:22-6A(2) because a direct appeal, including a petition for certification, is pending, shall be treated as a first petition for purposes of these rules if refiled within 90 days of the date of the judgment on direct appeal, including consideration of a petition for certification, or within five years after the date of the entry . . . of the judgment of conviction that is being challenged.

N.J. Ct. R. 3:22-12(a)(3).

The plain language of Rule 3:22-12 makes clear that Petitioner was required to file her initial PCR petition in New Jersey Superior Court within five years from November 30, 2005, the date on which her judgment of conviction was entered. Moreover, the plain language in the above-cited provisions within Rules 3:22-6A and 3:22-12 are clear that had Petitioner filed a timely PCR petition – which necessarily would have been filed prior to the conclusion of her direct appeal proceedings on April 9, 2012 – Petitioner's PCR petition would have been dismissed without prejudice and would thereafter have been eligible for reinstatement and deemed timely-filed at the conclusion of Petitioner's direct appeal. In light of the foregoing, there is no basis upon which this Court could find that Petitioner was "barred by the [New Jersey] rules of court from filing her PCR petition any sooner." (ECF No. 11 at PageID: 161.)

Petitioner's related claim that her failure to file a timely-PCR application "is the result of ineffective assistance of counsel" (*see* ECF No. 11 at PageID: 161) is similarly undermined by the plain language of Rule 3:22-6. That Rule provides that counsel will be assigned to an indigent PCR applicant who requests PCR counsel "[a]t the time of filing of [her PCR] petition[.]" N.J. Ct.

R. 3:22-6. The state court record confirms that Petitioner filed her initial PCR petition *pro se* and that PCR counsel was thereafter assigned to her. (*See* ECF No. 9-13 at PageID: 122.) This sequence of events is also consistent with the plain language of Rule 3:22-6. The Court therefore is unable to attribute the untimely-filing of Petitioner's PCR application to an attorney who did not represent Petitioner at the time she filed her initial PCR petition *pro se*.

Based on the foregoing, it is clear that Petitioner has not "'in some extraordinary way' been prevented from asserting [her] rights despite the exercise of reasonable diligence." *Engle*, 153 F. App'x at 113. As such, Petitioner has failed to demonstrate the sort of exceptional circumstances which would allow this Court to equitably toll Petitioner's otherwise time-barred § 2254 Petition.

In sum, the record clearly shows that Petitioner's § 2254 Petition was not timely-filed under AEDPA, and the untimely habeas petition is not subject to statutory or equitable tolling. Respondents' motion to dismiss on timeliness grounds is therefore granted and the § 2254 Petition is dismissed with prejudice. Petitioner's motion for *pro bono* counsel is denied as moot.

### D. Certificate of Appealability

A petitioner may not appeal from a final order in a habeas proceeding unless she has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because Petitioner has failed to satisfy this standard, the Court will deny her a certificate of appealability.

## IV. CONCLUSION

For the reasons stated above, Respondents' motion to dismiss is granted, and Petitioner's § 2254 Petition is dismissed with prejudice. A certificate of appealability shall not issue. Petitioner's motion for *pro bono* counsel is denied as moot. An appropriate Order accompanies this Opinion.


11/7/18                                                s/ John Michael Vazquez
Date                                                   JOHN MICHAEL VAZQUEZ
                                                       United States District Judge